**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

**TAB-N-ACTION, INC. DBA**
**EXCELLENCE ACADEMY**                                    **CIVIL PROCEEDING**

**VS.**                                                            **JUDGE:  Robert G. James**

**MONROE CITY SCHOOL BOARD**                  **MAG. JUDGE:  Karen L.Hayes**

**COMPLAINT FOR DECLARATORY JUDGMENT**
**AND PRELIMINARY INJUNCTION**

This action is brought by Tab-N-Action, Inc., doing business as Excellence Academy ("Excellence Academy"), which has been deprived by the Monroe City School Board of its property interest in a contract to operate a charter school in contravention of the Fourteenth Amendment of the United States Constitution, made actionable under 42 U.S.C. §1983 and in violation of its contract with defendant.

**I**.      **PARTIES**

1.      **Excellence Academy** is a Louisiana nonprofit corporation domiciled in Ouachita Parish.

2.      The **Monroe City School Board** is a political subdivision of the State of Louisiana and may be served with process through Rodney McFarland, as President of the school board, pursuant to Federal Rule of Civil Procedure 4(j)(2). Mr. McFarland may be served at his office located at 2006 Tower Drive, Monroe, Louisiana 71201.

**II.**      **JURISDICTION AND VENUE**

3.      This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

**III.   STATEMENT OF FACTS AND LAW**

5.      Plaintiff has a contract with the defendant; a copy is attached as Exhibit A.

6.      The contract provides for plaintiff to operate a charter school called Excellence Academy.  It sets forth various criteria for the evaluation of plaintiff's performance.  Similar criteria are set forth in La. R.S. 17:3992.

7.      Defendant was statutorily obliged to conduct a review of the performance of plaintiff after the completion of its third year of operation.

8.      Defendant purported to discharge that obligation by seeking and obtaining a report that was submitted by Kathleen Padian and Sarah Morgan Ripsky on behalf of TenSquare, LLC.  A copy of the report with integrated response is attached as Exhibit B.

9.      The report is dated April 5, 2017.  The evaluation was not made with reference to the criteria in the contract between plaintiff and defendant, the criteria set forth La. R.S. 17:3992, the criteria set forth in LAC 28:CXXXIX.1701, or the guideline for charter evaluation adopted by the school board.

10.     The report is almost entirely subjective, and it is internally inconsistent.

11.     The report is based on an inspection lasting less than two hours from 7:40 a.m. to 9:30 a.m. on February 14, 2017, by the two individuals who submitted the report.  It is replete with factual error and reflects little knowledge, if any, of the criteria applicable to the evaluation of a charter school, and a poor understanding of legal provisions to which the report alludes.[1]

12.     On April 6, 2017, defendant informed plaintiff that the "results of a third party

---

[1]  For example, the report severely criticizes Excellence Academy because its bookkeeper does not have the qualifications required for the chief financial officer of a school board like defendant. See La. R.S. 17:84.2.

2

evaluation conducted of the Excellence Academy Charter School may appear on the Monroe City School Board's meeting agenda for a meeting scheduled on Tuesday, April 11, 2017."

13.     Plaintiff's representatives appeared at the April 11, 2017 meeting prepared to address the deficiencies in the report and to demonstrate that Excellence Academy is achieving its objectives.

14.     Plaintiff's representatives were not permitted to address the school board.  Instead, the school board went into executive session for approximately ten minutes, returned, and voted 5-2 to terminate the contract at the end of this fourth year.

15.     Friday afternoon, April 21, 2017, defendant wrote stating in part:

> *If a charter school is not achieving its stated goals and objectives pursuant to its approved charter, then the charting authority shall not extend the duration of the charter, and the charter shall expire at the end of the schools fourth year.",* (sic) MCSB must move forward with the process of closure of Excellence Academy.

16.     The e-mail demanded the delivery by Monday of:[2]

a)     a complete school inventory/asset listing for 2016-17 (asset description, purchase amount, etc.
b)     a listing and copies of all current operating leases;
c)     a listing and copies of all existing obligations/payables/contracts and amounts due;
d)     a listing and the amounts of any obligations in default, past due, overdue, or not paid timely;
e)     a listing of all bank accounts and current balance;
f)     a copy of the last bank statement and reconciliation for all accounts;
g)     a check register for 2016-17;
h)     amounts for payroll due for 2016-17.

17.     In the Friday afternoon e-mail, Davona Howard threatened to discontinue " *all payments, orders, etc., to and on behalf of Excellence Academy."*

18.     As defendant knows, plaintiff's payroll is scheduled to be processed on Tuesday.

19.     Many controversies have raged about the cryptic and abstract words of the

---

[2] These items were first requested on Thursday.

**Due Process** Clause but **there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.** *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656–57, 94 L. Ed. 865 (1950) (emphasis added).

20.     Regulations governing the conduct of revocation hearings are set forth in the Louisiana Administrative Code, Exhibit C.

21.     Defendant's conduct was taken in complete disregard of plaintiff's constitutional right to procedural due process and suggests substantive due process violations as well.

22.     Not only must there be a hearing after notice and an opportunity to be heard, the hearing must be fair and impartial. *Washington v. Burley*, 930 F. Supp. 2d 790, 805 (S.D. Tex. 2013).[3]

23.      Two school board members have a personal bias against plaintiff. They were able to convince a majority to revoke the plaintiff's charter.  Their bitterness toward the school tainted the vote.

## IV.     FIRST CAUSE OF ACTION

24.     Plaintiff is entitled to a preliminary injunction prohibiting defendant from revoking plaintiff's charter without compliance with La. Admin. Code 28 § CXXXIX.1703.

25.     If defendant is not enjoined, plaintiff will suffer severe economic damages for which

---

[3]  "Actual bias occurs, and the constitutional guarantee of due process is thus violated, (1) where the decision maker has a direct personal, substantial, and pecuniary interest in the outcome of the case; (2) where an adjudicator has been the target of personal abuse or criticism from the party before him; and (3) when a judicial or quasi-judicial decision maker has the dual role of investigating and adjudicating disputes and complaints." (Internal quotations and citations omitted).

defendant will be responsible in accordance with 42 U.S.C. § 1983.

26.     Plaintiff is entitled to a preliminary injunction because it can and will establish:

    1)     a substantial likelihood of success on the merits;

    2)     substantial threat of irreparable harm;

    3)     the balance of hardship weighs in plaintiff's favor, and

    4)     the issuance of the preliminary injunction will not disserve the public interest.

27.     Defendant will suffer no damages if it is enjoined from constitutional violations. The amount of the bond required by FRCP Rule 65(c) should be *de minimis* or nothing at all.

## V.     SECOND CAUSE OF ACTION.

28.     The court should grant declaratory relief recognizing that plaintiff has complied with its obligations under the charter contract with the defendant and the requirements of Louisiana statutes and regulations.

**WHEREFORE PLAINTIFF PRAYS**:

    1)     That the court issue preliminary and permanent injunctions restraining and enjoining the Monroe City School Board, its agents, employees and those acting in concert with them, from executing in any way its plan to close Excellence Academy without fairly and objectively evaluating plaintiff's actual performance;

    2)     That the court declare that plaintiff has satisfied the criteria for the continuation of its charter;

    3)     That the court award of reasonable attorney's fees and punitive damages as provided

for by federal law; and

4.      For such other relief as to which plaintiff proves itself justly entitled, including all costs of this proceeding.

Respectfully submitted:

Anthony J. Bruscato, #3611
Law Offices of
    Anthony J. Bruscato
2011 Hudson Lane
P.O. Box 2374
Monroe, Louisiana  71201
Ph: (318) 325-7577
Fx: (318) 325-7532

Eddie M.  Clark,#29551
Attorney at Law
1001 Century Blvd.
Monroe, Louisiana 71201
Ph: (318) 361-9697

James A. Rountree, #11491
Rountree Law Offices
400 Hudson Lane
Monroe, Louisiana 71201
Ph: (318)398-2737
Fx: (318)398-2738

**STATE OF LOUISIANA**
**PARISH OF OUACHITA**

### **VERIFICATION**

BEFORE ME, the undersigned authority, personally came and appeared Robert Tanzy, Sr., Chairman of the Board of Excellence Academy, who stated that he has read the above complaint and application for preliminary injunction and that every factual statement contained therein is true and correct.

Monroe, Louisiana this ____ day of April, 2017.

_____
Robert Tanzy, Sr.

_____

Notary Public #_____