UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TAB-N-ACTION, INC. D/B/A<br>EXCELLENCE ACADEMY | CIVIL ACTION NO. 17-0570 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MONROE CITY SCHOOL BOARD | MAG. JUDGE KAREN L. HAYES |

# RULING

Pending before the Court is a Motion and Order for Attorneys' Fees and Costs ("Motion for Fees and Costs") [Doc. No. 27] filed by Plaintiff Tab-in-Action, Inc. d/b/a Excellence Academy ("Excellence Academy"). Excellence Academy moves the Court for an award of attorneys' fees under 42 U.S.C. § 1988 and the cost of its filing fee. The Monroe City School Board ("MCSB") opposes the motion. [Doc. No. 30].

For the following the reasons, the motion is GRANTED IN PART and DENIED IN PART.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2017, Excellence Academy filed a verified Complaint seeking declaratory and injunctive relief against the MCSB. [Doc. No. 1]. Excellence Academy moved the Court for a preliminary injunction "prohibiting [MCSB] from revoking [Excellence Academy's] charter without compliance with La. Admin. Code[, Title] 28[, Part] CXXXIX [§] 1703" and a declaratory judgment that Excellence Academy "has complied with its obligations under the charter contract with the [MCSB] and the requirements of Louisiana statutes and regulations." [Doc. No. 1, ¶¶ 24 & 28].

On May 17, 2017, Excellence Academy filed a Motion for Temporary Restraining Order ("Motion for TRO") [Doc. No. 6] contending that MCSB should be prohibited "from executing its

plan or taking any action to close Excellence Academy before there has been notice and an opportunity for hearing on [MCSB's] decision to discontinue funding Excellence Academy in violation of the contract . . . and the constitutional requirement of due process . . . ."

MCSB filed a memorandum in opposition to Excellence Academy's Motion for TRO and motion for preliminary injunction. [Doc. No. 12]. Excellence Academy filed a supplemental memorandum. [Doc. No. 10].

On May 23, 2017, the Court conducted an evidentiary hearing, hearing testimony from the parties' witnesses, receiving evidence, and hearing oral argument from counsel.

After consideration of the entire record, on May 24, 2017, the Court issued a Ruling and Order [Doc. Nos. 17 & 18] granting Excellence Academy's request for preliminary injunctive relief in part and denying the request in part. The Court found that Excellence Academy met its showing for the issuance of a preliminary injunction, granted the motion for preliminary injunction and enjoined MCSB from taking further action to close or discontinue funding Excellence Academy for a fifth year until a hearing is held. The Court ordered a hearing to be held no later than June 7, 2017, and Excellence Academy to be permitted to present evidence and witnesses to support its contention that it has complied with the requirements of the applicable statutory, administrative code, and charter agreement provisions. However, to the extent that Excellence Academy asserted in the Complaint that it was entitled to the procedures set forth in 28 La. Admin. Code, Pt. CXXXIX, § 1703, the motion was denied. The Court also denied the Motion for TRO as moot.

Following the issuance of the Ruling, the Court granted motions by both parties on discovery and subpoena issues. [Doc. Nos. 20 & 22]. However, after a status conference with counsel, on June 2, 2017, the Court granted motions to reconsider filed by both parties and quashed all subpoenas.

Given its resolution of the only federal issue, the Court also gave the parties notice of its intent to decline to exercise supplemental jurisdiction over the state law issues and to dismiss the case without prejudice.

On June 7, 2017, Excellence Academy filed the instant motion, seeking to recover $28,845.00 in attorneys' fees and the $400 filing fee. The MCSB opposed the motion, arguing that Excellence Academy is not a prevailing party and, in the alternative, that it seeks to recover fees for claims and issues that were not resolved in its favor and that any award should be paid by the State, not MCSB, because it acted in compliance with state laws and procedures. No reply memorandum was filed.

On June 13, 2017, the Court dismissed the remaining claims without prejudice, but retained jurisdiction to resolve the instant motion.

The Court is now prepared to rule.

II.  **LAW AND ANALYSIS**

   A.  **Consideration of Attorneys' Fees under 42 U.S.C. § 1988**

Under 42 U.S.C. § 1988, a district court may, in its discretion, award attorneys' fees to a prevailing party in a suit under 42 U.S.C. § 1983. Preliminary relief may serve to make a plaintiff a prevailing party for the purposes of § 1988. *Doe v. Marshall*, 622 F.2d 118, 120 (5th Cir.1980), *cert. denied* 451 U.S. 993(1981); *see also Iranian Students Ass'n v. Edwards*, 604 F.2d 352, 353 (5th Cir.1979). "All that is required is that the plaintiff obtain the primary relief sought." *Doe*, 622 F.2d at 120.

In this case, as part of the analysis necessary prior to granting the request for a preliminary injunction, the Court determined that Excellence Academy had a substantial likelihood of success

on the merits of its § 1983 claim that it suffered a deprivation of its property rights under the Fourteenth Amendment without benefit of procedural due process. After considering the other applicable factors, the Court then granted Excellence Academy's motion for a preliminary injunction. As a result, Excellence Academy achieved its primary objective in federal court, which was to obtain the due process hearing to which it was entitled. While Excellence Academy raised a number of other state law claims about why it should be allowed to operate for a fifth year, its first and primary objective with this Court was to obtain a fair hearing under the Due Process Clause. It achieved that result. Further, it was MCSB's decision to deny operation of Excellence Academy **without a hearing**, not its interpretation of the State law that resulted in the issuance of the preliminary injunction. Therefore, Excellence Academy's motion for attorneys' fees under § 1988 is GRANTED, and an award will be rendered against MCSB.

      B.      **Lodestar Analysis**

Having determined that attorneys' fees should be awarded, the Court now turns to the determination of a reasonable fee. The Court begins with a lodestar analysis. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). The lodestar amount is an objective determined by multiplying the reasonable number of hours expended by counsel on the case by a reasonable hourly rate based on the prevailing market rates in the relevant community. *See Thompson v. Connick*, 553 F.3d 836, 867 (5th Cir. 2008); *Perdue*, 559 U.S. at 551.

The "lodestar method yields a fee that is presumptively sufficient," 559 U.S. at 552, but the fee may be enhanced "where the method used in determining the hourly rate . . . does not adequately measure the attorney's true market value"; where "the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; where there are

"extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees"; or in the "rare and exceptional" cases where "superior attorney performance is not adequately taken into account," and "the lodestar fee would not have been adequate to attract competent counsel." *Id.* at 554-56 (citations and internal quotation marks omitted).

In this case, Excellence Academy seeks to recover more than $28,000.00 in fees for three attorneys–Anthony Bruscato, Eddie Clark, and James Rountree–at the hourly billing rate of $300. In support of their request, counsel provided billing statements for Mr. Bruscato and Mr. Clark and rely on the statements contained in their motion and memorandum.

First, Excellence Academy has provided the Court with no affidavit or other evidence of the prevailing market rates in the Monroe area.[1] An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market." *Hopwood v. Texas*, 236 F.3d 256, 279 (5th Cir. 2000); *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). The relevant legal market is where the district court sits. *See e.g.*, *Calix v. Ashton Marine LLC*, No. CV 14-2430, 2016 WL 4194119, at *3 (E.D. La. July 14, 2016). The reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there, not the fee-seeker's attorney. *Thompson v. Connick*, 553 F.3d 836, 867-68 (5th Cir. 2008), *rev'd on other grounds*, 563

---

[1] In the motion, counsel states that "[t]he charges . . . are customary charges of plaintiff's counsel. The rates are in line with those approved by the court previously." [Doc. No. 27, p. 2]. However, there is no statement or evidence on the market rate or the cases to which counsel refers.

U.S. 51 (2011).

However, the Court may rely on its own knowledge of the rates in the Monroe area along with evidence received in other cases. *See Luv N' Care, Ltd. v. Groupo Rimar,* 15-2349 [Doc. No. 46] (W.D. La. 2017) ($250 per hour); *Chesire v. Air Methods Corp.*, 15-0933 [Doc. No. 202] (W.D. La. 2016) ($260 per hour). Given the number of years of experience of the attorneys in this case, the Court will use an hourly rate of $260.

The Court now turns to a review of the hourly time records. The lodestar formula's second component is designed to unveil the number of hours the fee-seeking party reasonably expended on the litigation. The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended. The fee-seeking party must also show it exercised "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented. *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990). If the party fails to exercise billing judgment, the court may conduct a line-by-line analysis of the time records. *See Green v. Admin. of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002). In the alternative, the Court "may make across-the-board cuts, so long as it sets forth a concise reason for its cuts." *Maxwell v. Angel-Etts of California, Inc.*, 53 F. App'x 561, 568 (Fed. Cir. 2002), opinion amended on reh'g (Jan. 2, 2003) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1399-1400 (9th Cir.1992)).

First, as to the hours claimed by Mr. Clark, the Court disallows these requested fees because they are unsupported by billing records or other adequate documentation. Second, the Court finds that the hours requested by Mr. Bruscato and Mr. Rountree are excessive given the limited time period of the representation in this Court, the fact that at least some of their charges are duplicative,

and the fact that some charges relate to issues which were not directly relevant to the preliminary injunction. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (Excessive or duplicative time is not compensable). Finally, the Court notes that Excellence Academy has the right to employ any number of attorneys that it wishes, but one attorney was sufficient to staff this case. Rather than engage in a line-by-line analysis, however, the Court finds it appropriate to reduce the requested hours by 30% to address these issues. Calculating the lodestar under the principles outlined above, 60.2 hours[2] multiplied by $260 per hour yields a fee of $15,652.00. The Court finds that no further adjustment to the lodestar is required because the applicable factors have already been taken into consideration.

**C.     Costs**

Federal Rule of Civil Procedure 54(d)(1) "contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Usually, a successful litigant is also the prevailing party for purposes of Rule 54(d). *See Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985). However, the Court's discretion to award costs is not unlimited: the costs must be allowable under 28 U.S.C. § 1920; the costs must be supported by proper documentation; and the costs must be reasonable. In this case, Excellence Academy seeks only the filing fee, which is a permissible "cost." 28 U.S.C. § 1920 ("A judge or clerk of any court in the United States may tax as costs the following: . . . (1) Fees of the clerk and marshal . . ."). Accordingly, the Court finds, for the reasons stated above, that Excellence Academy's motion for the cost of the filing fee is GRANTED.

---

[2]Mr. Bruscato and Mr. Rountree requested payment for 86 hours, which the Court reduced by 30% to 60.2 hours.

**III.    CONCLUSION**

For the foregoing reasons, Excellence Academy's Motion for Fees and Costs [Doc. No. 27] is GRANTED IN PART and DENIED IN PART. To the extent that Excellence Academy moves to recover the $400 cost of the filing fee, the motion is GRANTED. To the extent Excellence Academy moves to recover attorneys' fees, the motion is GRANTED IN PART and DENIED IN PART. The Court awards Excellence Academy attorneys' fees in the amount of $15,652.00.

MONROE, LOUISIANA, this 10th day of August, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE